IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD LAWRENCE ALEXIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1923 |
| | § | |
| JEFFERSON B. SESSIONS, U.S. Attorney General, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING THE PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

Richard Lawrence Alexis filed his writ of habeas corpus on June 11, 2018. Because the defendants are federal officers, the responsive pleading is not due until 60 days after service of summons and the petition. Fed. R. Civ. P. 12(a)(2).

On June 18, 2018, the court issued an Order of Service of Process to all defendants, directing the government to answer or file a dispositive motion by July 18, 2018. The answer was due 26 days after service. The statutory deadline is August 21, 2018. The defendants filed an answer on July 24, 2018, six (6) days late, and one day after Alexis filed his motion for default.

Even assuming proper service of the motion for default judgment, it is denied. The six-day delay was within the statutory deadline and did not prejudice Alexis.

Rule 55(d) of the Federal Rules of Civil Procedure provides that "no judgment by default shall be entered against the United States or any officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Default judgment against the government cannot be granted based simply on the failure to file within a prescribed

deadline. *Mason v. Lister*, 562 F.2d 343 (5th Cir. 1977); *United States v. McFerran*, 568 F. Supp. 804 (S.D. Tex. 1983). Default is inappropriate when, as here, the government responds to the complaint by answer or motion soon thereafter. 6 J. Moore, Moore's Federal Practice § 55.12 at 55 (1982).

The defendants answered before a ruling on the motion for default judgment. The case is still in its early stages. *See Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06–CV–0005–D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice). Finally, defendants asserted multiple defenses in their answer, which should be resolved on the merits. *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552 (5th Cir. 2003).

The defendants have answered the petition. *See Rogers v. Barnhart*, 365 F. Supp. 2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989)). There is no failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The motion for Default Judgment, (Docket Entry No. 7), is denied.

SIGNED on July 27, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge